IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LIVING STEWARD PROPERTIES, LTD.<br>　　Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS, LONDON GENERAL SECURITY INDEMNITY COMPANY OF AZ, PRINCETON EXCESS & SURPLUS INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY OF HANOVER, SE, QBE SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, AND CRAMER, JOHNSON, WIGGINS & ASSOCIATES, INC.<br>　　Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Certain Underwriters at Lloyd's London Subscribing Severally to Certificate No. AMR-56106-01 ("Underwriters") and HDI Global Specialty SE, F/K/A International Insurance Company of Hannover, SE ("HDI"), who are some of the Defendants in the above entitled action, and through their counsel of record, without waiving any defenses or objections herein, hereby remove this cause, bearing Cause Number 2019DCV-5188-G, from the 319th Judicial District Court for Nueces County, Texas, to the United States

District Court for the Southern District of Texas – Corpus Christi Division pursuant to 28 U.S.C. 1441 and 1446 and would show:

## The State Court Action

1. Plaintiff filed this action in the 319th Judicial District Court for Nueces County, Texas on October 16, 2019 ("State Court Action").[1] Plaintiff alleged that it owned multiple properties in Corpus Christi (the "Properties").[2] Plaintiff further alleged that the Properties were insured under a commercial property policy of insurance issued by Insurer Defendants (all Defendants except Defendant Cramer, Johnson, Wiggins & Associates, Inc. are referred to herein as "Insurer Defendants").[3] Plaintiff asserted claims against Insurer Defendants in the State Court Action for violations of the Texas Insurance Code and breach of contract.[4]

2. All Insurer Defendants are joining in this removal.[5] Insurer Defendants answered Plaintiff's lawsuit in the State Court Action.[6] Insurer Defendants stated in their Answer that the matters in difference between Plaintiff and Insurer Defendants in relation to the Policy, including its formation and validity, are to be resolved by arbitration pursuant to the Arbitration Clause in the Policy.[7]

## The Insurance Policy

3. Insurer Defendants issued a policy of insurance to Plaintiff, which provided commercial property coverage for the Properties for the policy period of May 30, 2017 through

---

[1] Exhibit B-1.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] Exhibit H-2, H-3.
[6] Exhibit B-3.
[7] *Id.*

May 30, 2018, subject to the terms, conditions, covenants, exclusions, sub-limits, limitations and deductibles contained in the Policy.[8]

    4.    The Policy contains an Arbitration Clause, which states in pertinent part:

> C. ARBITRATION CLAUSE:  All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent.  Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, falling which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.
>
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senor position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.
>
> All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what matter they shall be paid.
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

---

[8] Exhibit H-1.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.[9]

## Basis for Removal

5. Removal is based on the Court's federal question jurisdiction under 26 U.S.C. §§ 1441 and 1446 because there is a valid arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "Convention"), and, thus, the Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Underwriters, HDI, and the other Insurer Defendants specifically preserve and do not waive any defenses, including but not limited to any Rule 12 affirmative defenses.

6. Both Plaintiff and Insurer Defendants agree that they are parties to the insurance contract referred to as the "Policy," which contains an arbitration clause.[10] By filing the State Court Action, Plaintiff repudiated its agreement to arbitrate all matters in difference in relation to the Policy, including its formation and validity. Plaintiff's refusal to participate in arbitration warrants removal under the Convention. The Insurer Defendants specifically preserve and give notice of their right to compel arbitration of this dispute and seek a stay or dismissal of these proceedings.

7. Underwriters are comprised in part by the following list of citizens of countries other than the United States:[11]

---

[9] *Id*. (AR Compass 02 17), at 29–30.
[10] Exhibits B-1, B-3.
[11] The below listing is an incomplete list of the Underwriters participating on the risk. The list is not intended to be exhaustive but merely to show the extent to which entities that are citizens of countries other than the United States are parties to the Arbitration agreement in the Policy.

    a) Tokio Marine Kiln Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, registered in England and Wales, and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, all of which have their principal place of business in London, England, at 20 Fenchurch Street, London, England EC3M 3BY.

    b) Lloyd's of London Syndicate 1886 is an unincorporated association with its principal office in London, England. QBE Underwriting Limited is the sole corporate name or member of Lloyd's of London Syndicate 1886. QBE Underwriting Limited is a limited company incorporated in England and Wales, with registered number 01035198, and with the registered address of Plantation Place, 30 Fenchurch, London, England EC3M 3BD. QBE Underwriting Limited is also the Managing Agent for Lloyd's of London Syndicate 1886.

8.    The Texas Department of Insurance ("TDI") recognizes that Tokio Marine Kiln is a non-U.S. insurer domiciled in the United Kingdom and that QBE UK Limited is a non-U.S. insurer domiciled in the United Kingdom.[12] The TDI lists all eligible Lloyd's Syndicates, and assigns each a NAIC alien number.[13] The Policy lists all the Syndicates at Lloyd's, London participating in the Policy.[14] Each of these Syndicates is an eligible surplus lines carrier, and each has a TDI number and a NAIC alien number.[15]

---

[12] Exhibits H-4, H-5.
[13] Exhibit H-7.
[14] Exhibit H-1 (Endorsement 1), at 3.
[15] Exhibit H-7. The Syndicates participating in the Policy are highlighted.

9.      Additionally, HDI is a company organized under the laws of Germany and is headquartered in Hannover, Germany.[16]

10.     The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's, London,* CV-18-6192, 2018 WL 4042874 at *3 (E.D. La. August 24, 2018). As the Supreme Court explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974). Over one hundred countries have signed the Convention, including the United States, the United Kingdom, and Germany. *Port Cargo Serv.*, 2018 WL 4042874 at *3; *see also* New York Arbitration Convention, www.newyorkconvention.org (last visited December 23, 2019). In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

11.     The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 *et seq*. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

12.     Federal district courts have original jurisdiction for claims that arise under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1331. Pursuant to 9 U.S.C. § 203,

---

[16] Exhibit H-6.

"[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and [t]he district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." When suits raising a federal question are brought in state courts, they may be removed to the federal district court where the action is pending. 28 U.S.C. § 1441(a).

13. In addition, § 205 provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may . . . remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9. U.S.C. § 205. Courts have recognized that this removal provision is one of the broadest. *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006). The general rule that removal is strictly construed and cautiously granted does not apply in cases involving the Convention because "Congress created special removal rights to channel cases into federal court." *Id.* (quoting *McDermott Int'l*, 944 F.2d at 1213)). To remove a case under § 205, there must be (1) the presence of an arbitration agreement or award falling under the Convention and (2) an action or proceeding in state court, the subject matter of which "relates to" that agreement or award. *Acosta*, 452 F.3d at 376; *O'Connor v. Mar. Mgmt. Corp.*, No. CV 16-16201, 2017 WL 1018586, at *2 (E.D. La. Mar. 16, 2017).

14. Both elements for removal under § 205 are present here. First, there is an arbitration agreement falling under the Convention. The Convention identifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part:

   a. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have

      b. The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS art. II (1-2), T.I.A.S. No. 6997, 21 U.S.T. 2517 (U.S Treaty Dec. 29, 1970).

    15. An agreement "falls under" the Convention if these four prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 646–47 (E.D. La. 2009).[17] Here, factors (1), (2) and (3) are easily met because the insurance policy is a contract between the parties that contains a written arbitration agreement for arbitration to take place in the United States, which is a signatory country. Factor (4) is also met because the Underwriters enumerated in paragraph 7 are citizens of England and because HDI is a citizen of Germany. In fact, the Eastern District of Louisiana and Southern District of Florida have recognized that the Convention applies to Underwriters at Lloyd's, London and that claims involving such insurance policies are removable. *Ytech 180 Units Miami Beach Investments, LLC v. Certain Underwriters at Lloyd's, London*, 359 F.Supp.3d 1253, 1261 n.2 (S.D. Fla. 2019); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, No. CV 18-6192, 2018 WL 4042874, at *4–5 (E.D. La. Aug. 24, 2018) (analyzing substantially the same insurance policy at

---

[17] The four-element test for determining whether an agreement falls under the Convention is part of the same test for determining whether the Court should compel the case to arbitration. *Compare Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) to *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

issue in this case); *VVG Real Estate Investment v. Underwriters at Lloyd's, London*, 317 F.Supp.3d 1199 (S.D. Fla. 2018) (holding that Lloyd's at London Syndicate 2001, whose sole corporate member was Amlin Corporate Member, Ltd., registered in England and Wales, was a citizen of England for purposes of the Convention). Additionally, the Southern District of Texas – Corpus Christi Division in case number 2:19-cv-00188, *Corpus Christi Island Apartment Villas Management Group, LLC d/b/a Island Villa Apartment Homes v. Underwriters at Lloyd's London*, evaluated the same policy forms as this case and compelled an insurance dispute to arbitration under the Convention. Therefore, the arbitration agreement falls under the Convention.

16. Second, there is an action in state court that relates to the arbitration agreement. The state court litigation relates to the arbitration clause if the litigation has a connection, relation, or reference to the arbitration clause at issue. *Acosta*, 452 F.3d at 376. Disputes over insurance coverage are "almost by definition" related to insurance policy arbitration clauses. *Id.* Therefore, Plaintiff's state action relates to the arbitration agreement, and removal is proper. *Port Cargo Serv.*, 2018 WL 4042874, at *4–5.

## Timeliness of Removal

17. Additionally, removal is timely. Section 205 of the convention act expressly states:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, **at any time before the trial thereof**, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action is proceeding or pending.

9 U.S.C. § 205 (emphasis added).

18. "When discussing the provisions of § 205, the Fifth Circuit has said, "Under § 1441(d), a defendant may remove 'at any time for cause shown,' and under § 205, a defendant may remove 'at any time before the trial.'" *Acme Brick Co. v. Agrupacion Exportadora de*

*Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994) (quoting *McDermott Int'l*, 944 F.2d at 1212). As such, removal is timely in this case because trial has not occurred.

### Consent to Removal by All Insurer Defendants

19. As set forth in Exhibit H-2, all other Insurer Defendants consent to and join in the removal of this action. Defendant Cramer, Johnson, Wiggins & Associates, Inc has also consented to removal.[18] Although unanimity of consent exits in this case, consent of the other defendants is not actually required when a foreign party removes under the Convention. *See e.g., Arango v. Guzman Advisors Corp.*, 621 F.2d 1371, 1377 (5th Cir. 1980) (international party has right to remove regardless of any other party's consent); *see also Simmons v Sabine River Authority of La.*, 823 F.Supp.2d 420, 427 (S.D. La.2011) ("Courts in this Circuit have . . . concluded that 'the general rule of unanimity (that all defendants join in the removal), with no time requirement, does not apply to removals under the Convention.")

20. The State Court Lawsuit is properly removed under the Convention to the Southern District of Texas – Corpus Christi Division.

### Notice to Others

21. In accordance with 28 U.S.C. § 1446(d), Underwriters and HDI will promptly give notice to all parties in writing and shall file a copy of the notice of filing of notice of removal with the Clerk of the state court.

### Compliance with Local Rule 81

22. According to Local Rule 81 of the Southern District of Texas, Underwriters and HDI are filing with this Notice of Removal the following:

    a. All executed process in the case;

---

[18] Exhibit H-3.

      b.      Pleadings asserting causes of action, e.g., petitions, counterclaims, cross action, third-party actions, interventions and all answers to such pleadings

      c.      All orders signed by the state judge;

      d.      The docket sheet;

      e.      An index of matters being filed; and

      f.      A list of all counsel of record, including addresses, telephone numbers, and parties being represented.

**WHEREFORE**, Defendants Certain Underwriters at Lloyd's London subscribing severally to Certificate No. AMR-56106-01, HDI Global Specialty SE, F/K/A International Insurance Company of Hannover, SE and the other Insurer Defendants hereby remove this action from the 319th District Court for Nueces County, Texas to the United States District Court for the Southern District of Texas – Corpus Christi Division.

NOTICE OF REMOVAL    PAGE 11
1012505-v2/13407-037000

Respectfully submitted,

/s/ *Carter L. Ferguson*
Carter L. Ferguson
State Bar No. 06909500
Fed. ID Number 33538
cferguson@belaw.com
J. Heath Coffman
State Bar No. 24059591
Fed ID Number 889906
hcoffman@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX 76102
817.338.1700
817.870.2265 facsimile

**ATTORNEYS FOR DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO CERTIFICATE NO. AMR-56106-01; GENERAL SECURITY INDEMNITY COMPANY OF AZ, PRINCETON EXCESS & SURPLUS INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, HDI GLOBAL SPECIALTY F/K/A INTERNATIONAL INSURANCE COMPANY OF HANOVER, SE, QBE SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, AND UNITED SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Hunter M. Klein
Robert D. Green
Robert D. Green & Associates, PC
440 Louisiana Street
Suite 1930
Houston, Texas 77002
klein@greentriallaw.com
green@greentriallaw.com

**Attorneys for Plaintiff Living Steward Properties, Ltd.**

Bruce R. Wilkin
Tim Redden, Jr.
Shackelford, Bowen, McKinley & Norton, LLP
717 Texas Avenue, 27th Floor
Houston, Texas 77002
bwilkin@shackelford.law
tredden@shackelford.law

**Attorneys for Cramer Johnson, Wiggins & Associates, Inc.**

DATED this 3rd day of January, 2020.

/s/ *Carter L. Ferguson*
Carter L. Ferguson