UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LIVING STEWARD PROPERTIES, LTD., § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> CERTAIN UNDERWRITERS AT § <br> LLOYD'S LONDON, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:20-CV-001 |

## ORDER ON MOTION TO COMPEL ARBITRATION

This is an action arising from an insurance claim for property damage caused by Hurricane Harvey. Before the Court is "Insurer Defendants' Opposed Motion to Compel Arbitration and Motion to Stay or Dismiss These Proceedings" (D.E. 8). Plaintiff responded (D.E. 12)[1] and the Insurer Defendants replied (D.E. 14). As the Insurer Defendants point out, this case presents the same arbitration language and the same issues that this Court adjudicated in *Corpus Christi Island Apartment Villas Management Group, LLC v. Underwriters at Lloyd's London*, No. 2:19-cv-188, 2019 WL 8273959 (S.D. Tex. Oct. 18, 2019). In fact, Plaintiff's response to the motion is a nearly verbatim copy of the response in *Corpus Christi Island*. And Plaintiff has made no effort to distinguish this case from *Corpus Christi Island*.

Therefore, for the same reasons detailed in *Corpus Christi Island*, the Court **GRANTS** Insurer Defendants' motion (D.E. 8) and **ORDERS** that Plaintiff and the

---

[1] Plaintiff's response exceeds the page limits set out in the Court's procedures, detailed in the proposed scheduling order contained within its January 6, 2020 Order (D.E. 2, p. 8). The attorneys are cautioned to observe the page limits in any future filings in this Court.

Insurer Defendants submit the claims between them to arbitration.

Also before the Court is "Defendant Cramer, Johnson, Wiggins & Associates' [CJW's] Joinder in Insurer Defendants' Motion to Compel Arbitration" (D.E. 13). CJW seeks to compel arbitration of the claims made against it by joining with the Insurer Defendants to enforce the policy's arbitration agreement and to extend that arbitration agreement to include the extra-contractual claims made against CJW. Its argument to extend the arbitration agreement's coverage was further briefed in its reply (D.E. 15) in support of the Insurer Defendants' motion. Thereafter, Plaintiff filed its response (D.E. 17) to the joinder, which only incorporated by reference its response to the Insurer Defendants' motion. It does not address the separate question of whether the arbitration agreement may be enforced in favor of CJW.

Plaintiff sues CJW, the public adjusting firm assigned to its claim, for unfair settlement practices under the Texas Insurance Code and breach of the common law duty of good faith and fair dealing. D.E. 1-3. CJW argues that these claims and their underlying facts are inextricably intertwined with the claims against the Insurer Defendants such that they all belong, together, before the arbitrators. It also invokes the principle of judicial efficiency.

Under Texas law, equitable estoppel prevents a party from avoiding a contractual arbitration agreement with respect to claims against a non-party to the contract under two scenarios. First is when the plaintiff relies on the existence of the contract in making its claims against the non-party. Second is when the claims against the party to the contract and the non-party involve conduct that is inextricably intertwined. *Meyer v. WMCO–GP,*

*LLC*, 211 S.W.3d 302, 305-06 (Tex. 2006); *Chandler Mgmt. Corp. v. First Specialty Ins. Corp., Vericlaim, Inc.*, 452 S.W.3d 887, 893 (Tex. App.—Dallas 2014, no pet.) (applying policy's forum selection clause to claims against adjusters); *In re Cornerstone Healthcare Holding Group, Inc.*, 348 S.W.3d 538, 544 (Tex. App.—Dallas 2011, no pet.). Both reasons apply here.

Because Plaintiff has failed to brief any argument against the application of equitable estoppel in this case, the Court **GRANTS** CJW's joinder (D.E. 13) and **ORDERS** that Plaintiff and CJW submit the claims between them to arbitration, together with the claims against the Insurer Defendants.

The Court further **STAYS** this action, in its entirety, pending completion of arbitration. It further **ORDERS** the parties to file with the Court on November 1, 2020 and every six months thereafter, a status report (not to exceed 3 pages) indicating whether arbitration is complete and this action may be dismissed.

ORDERED this 18th day of May, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE